IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDITH M. EZEKIEL,
 Plaintiff,

vs.            CASE NO: 3:13cv167/MCR/CJK

B.S.S. STEEL ROLLING MILLS, et al.,
 Defendant.

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's complaint (doc. 1), motion for leave to proceed in forma pauperis (doc. 2), and motion to appoint counsel (doc. 3). Plaintiff, a resident of Nigeria, claims that the "Nigeria Police Force in conjunction with the Management of B.S.S. Steel Rolling Mills," arrested and detained her. (Doc. 1, p. 2). B.S.S. Steel Rolling Mill is based out of Nigeria. (*See* http://bsssteel.com).

According to the complaint, on August 16, 2012, two men, initially hired to repair furniture, stole two laptop computers belonging to B.S.S. Steel Rolling Mill. (Doc. 1, p. 5). Plaintiff and several co-workers were driven to the Area G Police Station where plaintiff gave a statement concerning what had happened. (Doc. 1, p. 5). Later, plaintiff was arrested and charged with theft and conspiracy. (Doc. 1, p. 5). The police locked plaintiff and her co-worker Bridget Bajulaiye in a cell with men and boys. (Doc. 1, p. 5). Plaintiff was finally released six hours later. (Doc. 1, p .5). Plaintiff contends that following her arrest, she was not read her rights, not afforded the right to counsel, and not allowed to contact any family members. (Doc. 1, p. 6). Plaintiff believes that the Nigerian Police were "bribed by B.S.S. Steel in order to

arrest us." (Doc. 1, p. 6). Plaintiff also posits that the bribing of police is a common practice in Nigeria. (Doc. 1, p. 6).

Plaintiff, as a resident of Nigeria, seeks to bring her claims under the Alien Tort Statute[1] ("ATS"), 28 U.S.C. § 1350. (Doc. 1, p. 5). The ATS states: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The ATS is jurisdictional in nature and "provides a cause of action 'for a modest number of international law violations with a potential for personal liability at the time [of its enactment].'" *Aldana v. Del Monte Fresh Produce, Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005) (*quoting Sosa v. Alvarez-Machain*, 542 U.S. 692, 723-24 (2004)); *see also Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1362 (11th Cir. 2010) (noting that the ATS provides subject-matter jurisdiction).

As an initial matter, the undersigned must determine whether this court has the requisite jurisdiction to entertain plaintiff's claim. *See, e.g., Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). In *Kiobel v. Royal Dutch Petroleum Co.*, the United States Supreme Court held that the "presumption against extraterritoriality applies to claims under the ATS," and because nothing in the ATS rebuts that assumption, "petitioners' case seeking relief for violations of the law of nations occurring outside the United States is barred."

---

[1] ATS is often referred to as the Alien Tort Claims Act ("ATCA"). *See In re Chiquita Brands Intern., Inc. Alien Tort Statute and Shareholder Derivative Litigation*, 792 F. Supp. 2d 1301, 1311 (S.D. Fla. 2011).

No. 10-1491, slip op. at 14 (April 17, 2013).² The court further noted that to overcome the presumption against extraterritoriality applicable to claims brought under the ATS, one would need to show that "the claims touch and concern the territory of the United States" and that the claims do so "with sufficient force to displace the presumption against extraterritorial application." *Kiobel*, No. 10-1491, slip op. at 14. In *Kiobel*, Nigerian nationals residing in the United States sued, under the ATS, various Dutch, British, and Nigerian corporations premised on the theory that these corporations "aided and abetted the Nigerian Government in committing violations of the law of nations in Nigeria." No. 10-1491, slip op. at 1. Here, plaintiff seeks to sue B.S.S. Steel Rolling Mill and the Commissioner of Police based on plaintiff's unlawful arrest and detention. In light of *Kiobel*, the ATS cannot confer subject-matter jurisdiction upon plaintiff's claims because the violations at issue all occurred outside of the United States, and unlawful arrest and detention in Nigeria does not "touch" or "concern" the United States in such a way that would overcome the ATS's presumption against extraterritoriality.

On a broader level, the lack of connection between the instant forum and the

---

² While the full extent of the impact that the *Kiobel* decision will have on future ATS claims remains unclear, the majority in *Kiobel* (and for that matter the court unanimously overall) clearly sought to restrain, to a significant degree, the ability of individuals to bring ATS claims for tortious conduct occurring entirely outside of the United States. No. 10-1491, slip op. at 14-15 (Breyer, J., concurring) (disagreeing with the majority opinion's reliance on the presumption against extraterritoriality, but holding, "[t]he plaintiffs are not United States nationals but nationals of other nations. And the plaintiffs allege, not that the defendants directly engaged in acts of torture, genocide, or the equivalent, but that they helped others (who are not American nationals) to do so . . . . [I]t would be far fetched to believe, based solely upon the defendants' minimal and indirect American presence, that this legal action helps vindicate a distinct American interest, such as not providing a safe harbor for an 'enemy of all mankind.' Thus I agree with the Court that here it would 'reach too far to say' that such 'mere corporate presence suffices.'").

plaintiff, defendants, and events at issue, raises concerns about why this action was brought in this jurisdiction.  After investigation, the undersigned has discovered that plaintiff brought a similar case in the Northern District of Georgia, *Ezekiel v. The Federal Republic of Nigeria, et al.*, Case No. 1:12cv01751/TWT (N.D. Ga. 2012), which was dismissed because the ATS does not grant subject-matter jurisdiction over mandamus claims.  Plaintiff appears to be filing a successive suit in this jurisdiction hoping for a different outcome.  Success in that regard appears unlikely.

Accordingly, it is respectfully RECOMMENDED:

1.  Plaintiff's complaint (doc. 1) be DISMISSED WITH PREJUDICE, as this court lacks subject matter jurisdiction.

2.  Plaintiff's motion for *in forma pauperis* (doc. 2) be DENIED.

3.  Plaintiff's motion to appoint counsel be DENIED as MOOT.

At Pensacola, Florida this 22nd day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).